**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK ANTHONY HAZELTON, | No. 18-16795 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02650-GMS |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted on July 6, 2020[**]

Before: GOODWIN, SCHROEDER, and N.R. SMITH, Circuit Judges.

Mark Anthony Hazelton appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Hazelton's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's affirmance of the administrative law judge's ("ALJ") decision de novo and will "reverse only if the ALJ's decision is not supported by substantial evidence or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

I.    The ALJ provided clear and convincing reasons, supported by substantial evidence, to reject Hazelton's testimony about the severity of his symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). First, substantial evidence supports the ALJ's conclusion that Hazelton's testimony was not corroborated by the objective medical evidence. *See Burch*, 400 F.3d at 681 (holding an ALJ may consider a lack of corroborating medical evidence as one factor in the credibility determination). The ALJ interpreted the whole record (a) to find that Hazelton suffers from degenerative disk disease, (b) but did not establish the severity of symptoms alleged. Even if some evidence could be read differently, that interpretation appears rational. *See id.* at 679. For example, Hazelton points to various medical records that indicate he "ambulates with antalgic gait," but, as highlighted by the ALJ, numerous other medical records indicate he had normal strength, coordination, ranges of motion, and gait. Therefore, we must uphold the

18-16795

ALJ's "rational interpretation." *Id.*

Second, substantial evidence supports the ALJ's conclusion that Hazelton's symptom testimony was inconsistent with his history of conservative and effective treatment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (where claimant "responded favorably to conservative treatment," ALJ properly discounted subjective reports of disabling pain). The record contains multiple records indicating that Hazelton's symptoms were alleviated through medications and injections. One medical record indicates Hazelton even reported 80% relief following lumbar injections.

Further, despite Hazelton's arguments to the contrary, the record supports the ALJ's reasonable interpretation that the treatments were "conservative." For example, Dr. Gordon's treatments notes indicated that Hazelton had "attempted multiple *conservative therapies* in the past such as physical therapy, steroid injections, nerve blocks, nerve ablation, activities modification, over-the-counter anti-inflammatories, prescription anti-inflammatories and narcotic pain medication." (emphasis added).

Third, although the ALJ may have erred in finding Hazelton's testimony inconsistent with his daily activities, any error was harmless in light of the other valid reasons to discredit the testimony. *See Molina*, 674 F.3d at 1112-13, 1115 (an ALJ may discount symptom testimony as contradicted by daily activities or if daily

activities indicate capacities transferable to a work setting; any error is harmless where it is inconsequential to the ultimate nondisability determination).

II.     The ALJ provided specific and legitimate reasons to reject the controverted opinion of treating physician Dr. Whitaker. Where a treating physician's opinion is controverted by the opinion of another physician, an ALJ must provide "specific and legitimate reasons that are supported by substantial evidence" to reject the opinion *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citation omitted). The ALJ gave Dr. Whitaker's opinion that Hazelton could not work full time and was disabled by pain little weight, because it was unsupported by the medical record and inconsistent with conservative treatment. As explained above, substantial evidence supports the ALJ's findings that the medical record did not establish such severe limitations and that Hazelton had received conservative and effective treatment. Thus, the ALJ did not err in discounting Dr. Whitaker's opinion. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may discount a medical opinion that is not supported by the record as a whole or by objective medical findings).

Similarly, the ALJ did not err in assigning significant weight to the opinion of examining physician Dr. Gordon, because the ALJ properly considered the requisite factors and explained how they weighed in favor of Dr. Gordon's opinion. *See* 20 C.F.R. § 404.1527(c) (factors ALJ should consider in weighing

medical opinions, including whether the opinion is consistent with the record as a whole and is supported by objective evidence, and whether the opining physician has a specialization in the pertinent field); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating . . . physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence of record.").

**AFFIRMED.**